HENRY D. TUCK, ETC., *v.* M. W. OGBURN, ETC.

**Fraudulent Conveyance—Recitals in Deed Not Evidence Against Stranger.**
The recitals in a deed, although evidence as between the parties thereto, are not evidence as against those who are not parties or privies.

**Principal and Surety—Indulgence—New Promise to Pay Usurious Interest.**
Where indulgence is given the principal at the instance of the surety, a new promise upon the part of the principal debtor to pay usurious interest will not release the surety.

**Principal and Surety—Sale of Principal's Property at a Sacrifice—Duty of Surety to Make Property Bring Debt.**
Where the property of the principal is sold under execution, it is the duty of the surety to make it bring its value, if he desires to be relieved from liability.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

February 3, 1872.

OPINION BY JUDGE PRYOR:

The conveyance by the Appellant Tuck to Mrs. Farrar was fraudulent as to the creditors of Tuck. There is no proof in this case of the payment by Mrs. Farrar to Tuck of the consideration expressed in the deed. The evidence does not establish any indebtedness by Tuck to Mrs. Farrar and the mere rcitals in the deed although evidence as between the parties

thereto, are not evidence as against those who are not parties or privies. So far as this conveyance is to operate against the claim of the appellee it stands as if not one dollar of consideration had been paid by Mrs. Farrar for all the interest of Tuck in his father's estate. 3 Bush p. 402. Tuck is in no condition to escape liability by reason of the indulgence to the principal debtor in the execution. This indulgence as the sheriff swears was given at the instance of Tuck, and the new promise upon the part of the principal debtor to pay usurious interest does not release the sureties. If the property levied on sold at a sacrafice it was the fault of the sureties as it was their duty to make it pay the debt, if they desired to be relieved from liability.

Judgment affirmed.

*McPherson, Chaplin,* for appellant.

*H. A. Phelps & Son, R. T. Petree,* for appellee.

